Dear Ms. West:
You have requested an opinion of the Attorney General regarding the authority of the St. Landry Parish Government ("St. Landry Parish")[1]
to create rules and regulations concerning fishermen, boaters, and skiers on Lake Dubuisson. More specifically, St. Landry Parish would like to specify times at which fishermen are allowed to be on the lake and also to set times for skiing on the lake.
Based upon the information available to this Office, we are not able to determine whether Dubuisson Lake is a public or private lake. However, in the event that the lake is determined to be public, the following discussion of the law is applicable. On the other hand, should the lake be determined to be private, then the following discussion does not apply, and St. Landry Parish may not regulate activities on the lake such as fishing and skiing. The filing of a declaratory judgment action in a court of competent jurisdiction would likely be the proper procedural mechanism to accomplish such a determination.
In order to discuss the authority granted to St. Landry Parish to regulate these boating and fishing activities on public lakes within its jurisdiction, it is necessary to first consider the pertinent Louisiana law governing the creation of the Parish government itself. Any local or parish government created by a home rule charter, adopted pursuant to the current Louisiana Constitution, may exercise the "power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution." La.Const. Art. VI, § 5(E). The St. Landry Parish Home Rule Charter was adopted pursuant to Article VI, Section 5 of the Louisiana Constitution of 1974.[2] *Page 2 
Section 1-06 of the St. Landry Parish Home Rule Charter, establishing the St. Landry Parish Government, states that:
 The parish government shall have the power to pass all ordinances necessary to promote, protect, and preserve the general welfare, safety, health, peace, and orderly conduct of the parish, and this includes the power to pass ordinances on all subject matters not inconsistent with the constitution or denied by state law.
Since the Louisiana Constitution allows St. Landry Parish the power to perform "any function necessary, requisite, or proper for the management of its affairs," and because the St. Landry Parish Home Rule Charter allows the Parish government the ability to "pass all ordinances necessary to promote, protect, and preserve the general welfare, safety, health, peace, and orderly conduct of the parish,"[3] it would likewise follow that any ordinances created to regulate fishing, boating, skiing, and the times each are done would fall under this broad authority to regulate. While this is the general rule, existing State law on this issue must be considered in light of the Louisiana Constitution which specifically provides that the Parish only has the authority to pass ordinances on subject matters which are "not denied by general law or inconsistent with" the Constitution.[4] Therefore, if there are no Louisiana laws that prevent St. Landry Parish from regulating boating activities, such as skiing or fishing, within its jurisdiction, it follows that, pursuant to its Home Rule Charter authority, the Parish would be able to enact regulations concerning boating.[5]
Title 34 of the Louisiana Revised Statutes regulates navigation and shipping within the state. There appear to be no provisions in Title 34 which prohibit St. Landry Parish from regulating boating activities or fishing on a public lake within its jurisdiction. In fact, the applicable provisions of Title 34, discussed below, grant St. Landry Parish express authority to regulate activities, such as speed and safety, which are directly related to boating and fishing. *Page 3 
La.R.S. 34:851.15 includes several safety provisions applicable to skiing activities, which must be followed in any case pursuant to the State's authority to regulate health and safety within its borders. La.R.S. 34:851.27 states that no ordinance enacted by municipalities or parishes may create more lenient regulations than the state regarding equipment, inspection, or registration of marine vessels. La.R.S.34:851.27 further provides that:
 [t]he governing authority of any parish or municipality may establish and post speed limits on waterways within its jurisdiction with the exception of the Mississippi River, the Mississippi River Gulf Outlet, and the Gulf Intracoastal Waterway.[6]
This provision allows the parish governments to regulate speed on waterways to ensure safety. La.R.S. 34:851.27(7) also states that:
 [n]otwithstanding any provision of law to the contrary, the operation of all vessels and motorboats shall be subject to state law and local ordinance prohibiting trespass or unauthorized entry. Such state and local laws shall be enforced by state and local law enforcement agencies, including sheriffs, and by wildlife agents duly authorized to perform enforcement functions.
Pursuant to its Home Rule Charter, St. Landry Parish may promote, protect, and preserve the general welfare, safety, health, peace, and orderly conduct of the parish. Such authority would include enacting ordinances regulating the entry upon a public lake for boating activities such as skiing and fishing as long as the regulations do not interfere with existing State laws, and more specifically, the laws governing municipalities and parishes, navigation and shipping, or wildlife and fisheries.[7] As explained above, there are no laws that prohibit this type of regulation contemplated by the Parish and in fact State law specifically grants the Parish such authority. Accordingly, it is the opinion of this office that St. Landry Parish, pursuant to its Home Rule Charter, may enact ordinances regulating the entering of fishermen, boaters, and skiers on a public lake.
As discussed above, it should be noted that the discussion of law in this opinion applies only if Lake Dubuisson is found to be a public lake. Based on the information provided, a determination of whether or not Lake Dubuisson is public can not be made by our office. Filing a declaratory judgment action in a court of competent jurisdiction would likely be the most efficient way of achieving such a determination. *Page 4 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ DANIEL D. HENRY JR. Assistant Attorney General
 JDC/DDH/jv
[1] The St. Landry Parish Government was created by the St. Landry Parish Home Rule Charter in April 2002; the charter was adopted by the voters of St. Landry Parish on October 5, 2003 and became effective on January 1, 2004. St. Landry Parish Home Rule Charter.
[2] St. Landry Parish Home Rule Charter Section 1-01.
[3] St. Landry Parish Home Rule Charter Section 1-06.
[4] La.Const. Art. VI, § 5(E).
[5] It should be noted that La.R.S. 33:1236(46), enacted in 1981, states that St. Landry Parish may adopt ordinances to designate an area within parish boundaries to be used for water skiing, to regulate water skiing, and to fix penalties for violations, which shall not exceed one hundred dollars or imprisonment not to exceed thirty days, or both. While this provision may appear to be applicable, it must be noted that St. Landry Parish adopted a Home Rule Charter form of government which went into effect on January 1, 2004. Under the Home Rule Charter form of government, such a specific grant of power to St. Landry Parish is no longer necessary since St. Landry Parish may exercise the "power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution." The provisions of Part V of Chapter II of Title 33, La.R.S. 33:1221 et. seq., which apply to police juries, and La.R.S.33:1236(46) in particular, would no longer apply to St. Landry Parish, now that it has opted into a Home Rule Charter form of government.
[6] La.R.S. 34:851.27.
[7] See, Titles 33, 34, and 56 of the Louisiana Revised Statutes for all provisions governing municipalities and parishes, navigation and shipping, and wildlife and fisheries.